would be admissible evidence of an injury received from gas at that time, and this is substantially the evidence admitted. The situation is accordingly quite different from those involved in Pacific Mutual Life Ins. Co. v. Schlakzug, 143 Tex. 264, 183 S.W.2d 709, and City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259, in both of which there was no contention that the injury was received at or about the time of the declaration. Here the petitioners' case was not pitched on an injury received in the morning but rather on one occurring at some undetermined time during the work day, probably about the very time Mr. Wade, giving signs of illness, said "This gas is about to get me."

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

No attorney on appeal for appellant.

Henry Wade, Cr. Dist. Atty., James K. Allen, Asst. Cr. Dist. Atty., Dallas, George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction of rape with the penalty assessed at confinement in the penitentiary for life.

The record contains no statement of facts and no bills of exception. The proceedings appear to be regular in every respect and nothing is presented for review by this court.

The judgment of the trial court is affirmed.